IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CRIMINAL NO. 4:96CR60 |
| v. | § § | |
| JAMES CHRISTOPHER LIVERS | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 9, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by Phillip Linder. The Government was represented by Heather Rattan.

On April 25, 1997, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 168 months imprisonment followed by a 3-year term of supervised release for the offense of conspiracy to commit interference with commerce by threats or violence, interference with commerce by threats or violence, use of a firearm during a crime of violence and aiding and abetting. Defendant began his term of supervised release on November 3, 2006. On November 1, 2007, this case was referred to the Honorable, Richard A. Schell, United States District Judge.

On June 2, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 41). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance, Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; (3) Defendant shall not leave the judicial district

1

without the permission of the Court or probation officer; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (6) Defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer; (7) Defendant shall refrain from excessive use of alcohol; (8) Defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision; and (9) Defendant shall participate in a program for substance abuse treatment at The Right Step in Euless, Texas which may include inpatient treatment and out-patient aftercare, until such time as Defendant is successfully discharged from the program.

The amended petition alleges that Defendant committed the following violations: (1) on December 5, 2008, Defendant was arrested in Lewisville, Texas for the offense of assault, family violence and unlawful restraint, class A misdemeanors, committed on November 18, 2008, upon his live-in girlfriend, Erin Watson, and the offenses were referred to the Denton County District Attorney's Office for prosecution; (2) on March 18, 2009, Defendant submitted a urine specimen that tested positive for marijuana; (3) on or about October 20, 2007, Defendant traveled outside the Eastern District of Texas without permission as evidenced by his arrest in Austin, Texas; (4) on September 29 and 30, 2008, Defendant traveled outside the Eastern District of Texas without permission as evidenced by employment visits at North Texas Nissan, when the U.S. Probation Officer was notified by his supervisor that he was in Austin, Texas; (5) Defendant failed to submit a monthly written report within the first five days of the month for June 2008 through December 2008, and March and April 2009; (6) Defendant failed to notify his U.S. Probation Officer of his

residence upon his unsuccessful discharge from the Right Step residential treatment program on April 28, 2009, and Defendant refused to disclose his residence to the U.S. Probation Officer; (7) at the time of his arrest on October 20, 2007 and on November 18, 2008, Defendant was under the influence of excessive use of alcohol as evidenced by information in the arrest/offense reports obtained from the arresting police departments; (8) on or about March 16, 2009, Defendant returned to his residence at approximately 11:30 p.m. under the influence of alcohol as reported to the U.S. Probation Officer; (9) on April 28, 2009, Defendant was unsuccessfully discharged from The Rights Step treatment program for returning to the facility after allegedly returning to the facility following consumption of alcohol; and (10) on October 20, 2007, Defendant was arrested in Austin, Texas for the offense of Assault Causing Bodily Injury, a Class A misdemeanor, for assaulting his girlfriend, Jonie Sanders, and the case was dismissed on July 21, 2008.

At the hearing, Defendant entered a plea of true as to the alleged violations. The Court finds Defendant violated the terms of his supervised release.

At the hearing, Defendant offered testimony as to the issue of Defendant's proposed sentence. Darryl Frederick, U.S. Probation Officer, Natalie Degraffenreid, Defendant's girlfriend, Joe Espitia, Defendant's substance abuse counselor, David Gonzalez, Defendant's friend, and Defendant all testified. According to the testimony presented and the record before the Court, Defendant has been given numerous opportunities to rehabilitate himself. Indeed, Defendant's conditions of release were modified three times prior to the U.S. Probation Department seeking revocation of his supervised release. The testimony also indicates that Defendant has a history of violence and has had behavioral problems since the age of four. Defendant acknowledged his problems with alcohol abuse. And Defendant's difficulties in managing his anger were evident to the Court as he testified. Based on

the evidence presented to the Court, the Court finds that Defendant's supervised release should be revoked. Defendant has waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984 and in light of the parties' agreement, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no supervised release to follow.

**SIGNED this 10th day of July, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE